UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANET SANTANGELO, | ) | CASE NO. 4:06CV183 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| TRUMBULL COUNTY BOARD OF | ) | MEMORANDUM OPINION & ORDER |
| MENTAL RETARDATION AND | ) | |
| DEVELOPMENTAL DISABILITIES, et al.,) | | |
| | ) | |
| Defendants. | ) | |

The above case is before the undersigned[1] on motions for summary judgment filed by
Plaintiff Janet Santangelo ("Plaintiff") (ECF Dkt. #37), Defendant Trumbull County Board of
Mental Retardation and Developmental Disabilities ("Defendant MRDD")(ECF Dkt. #38), and
Defendant AFSCME Ohio Council 8 ("Defendant Union") (ECF Dkt. #40).  For the following
reasons, this Court DENIES Plaintiff's motion for summary judgment and GRANTS summary
judgment in favor of Defendants MRDD and Union.  *Id.*

## I.     FACTS AND PROCEDURAL HISTORY

On January 4, 2006, Plaintiff filed a complaint in the Trumbull County Court of Common
Pleas against Defendant MRDD alleging causes of action for violation of due process, breach of
contract and promissory estoppel.  ECF Dkt. #1, Attachment 1.  In her complaint, Plaintiff averred
that she had accepted early retirement pursuant to an early retirement and reemployment incentive
plan outlined in a collective bargaining agreement ("CBA") effective September 1, 2001 through
August 31, 2004.  ECF Dkt. #37, Exhibit 7; ECF Dkt. #41.  A material term of the plan under which
Plaintiff retired provided that upon early retirement, employees would be rehired and would

_____

[1] The parties consented to the jurisdiction of the undersigned on February 22, 2006.  ECF Dkt. #11.

1

maintain all seniority as if no break in service had occurred.  *Id.*  Plaintiff had accumulated thirty-seven years of seniority.  *Id.*

In her complaint, Plaintiff complained that Defendant MRDD subsequently took actions in 2005 that deprived her of her right to accumulated seniority by placing her on the seniority list with only three years of seniority instead of the thirty-seven years of seniority that she had accumulated and was entitled to maintain pursuant to the CBA under which she retired.  ECF Dkt. #1.  Plaintiff asserted a procedural due process claim, alleging that Defendant MRDD deprived her of legitimate claims of entitlement to employment and accumulated seniority without notice and an opportunity to be heard.  ECF Dkt. #1, Exhibit 1.  She also asserted breach of contract, averring that Defendant MRDD reduced her accumulated seniority in violation of the CBA under which she retired and was rehired after Defendant MRDD reemployed her pursuant to the terms of that agreement, which provided for accumulated seniority as if no break in service had occurred.  *Id.*  Finally, Plaintiff alleged a promissory estoppel claim against Defendant MRDD, asserting that Defendant MRDD induced her into retiring early by the representation that she would be reemployed without a loss of seniority, and she retired early based upon those representations, suffering damage as a result of this justifiable reliance.  *Id.*

On January 25, 2006, Defendant MRDD removed Plaintiff's complaint to this Court on the basis of federal question jurisdiction.  ECF Dkt. #1.  Defendant MRDD thereafter filed an answer to the complaint.  ECF Dkt. #7.  On April 6, 2006, Plaintiff filed an amended complaint adding Defendant Union as a necessary party to her complaint.  ECF Dkt. #15.  Both Defendants filed answers to the amended complaint.  ECF Dkt. #s 19, 20.

On October 20, 2006, Plaintiff filed the instant motion for summary judgment, requesting that the Court grant summary judgment on all of her claims.  ECF Dkt. # 37.  Defendant MRDD filed a memorandum in opposition to the motion for summary judgment and Plaintiff has filed a reply.  ECF Dkt. #s 44, 46.  Defendant MRDD and Defendant Union also filed their own motions for summary judgment on October 20, 2006, with Plaintiff filing a response and Defendant MRDD filing a reply.  ECF Dkt. #s 38, 40, 42, 45.

## II.    SUMMARY JUDGMENT

### A.    STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting FED. R. CIV. P. 56(c)). The moving party can discharge this burden by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 323; *Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence submitted is viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. FED. R. CIV. P. 56(e). The nonmoving party must present additional evidence beyond the pleadings and must do so by presenting more than a scintilla of evidence in support of his position. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

The Court must grant summary judgment unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *Anderson,* 477 U.S. at 249. The court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a

showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the court is required to enter summary judgment. *Celotex*, 477 U.S. at 322.

### B. LAW AND ANALYSIS

Rather than address each motion for summary judgment in separate parts of this Opinion, the undersigned will address the motions for summary judgment in the context of each of Plaintiff's three causes of action in her amended complaint. Before doing that, however, the Court will briefly address Defendant Union's motion for summary judgment. ECF Dkt. #40.

#### 1. DEFENDANT UNION'S MOTION FOR SUMMARY JUDGMENT (ECF DKT. #40)

In its motion for summary judgment, Defendant Union asserts that no genuine issues of material fact exist and it is entitled to judgment as a matter of law because Plaintiff joined Defendant Union in this lawsuit only because it was a necessary party of interest for purposes of providing a remedy. ECF Dkt. #40 at 6-7. Defendant Union further points out that Plaintiff has asserted no causes of action against Defendant Union in her amended complaint and she cannot otherwise establish any essential elements of any cause of action against it. *Id.* Moreover, Defendant Union argues that Plaintiff's claim is not yet ripe for adjudication because her lower placement on the seniority list for layoff purposes has not resulted in actual harm or threat of harm as she has not been laid off from employment or suffered any other detrimental impact. *Id.* at 11.

Defendant Union has met its initial burden on summary judgment by pointing out the basis upon which it seeks judgment as a matter of law. The burden therefore shifts to Plaintiff to take affirmative steps in order to avoid summary judgment. FED. R. CIV. P. 56(e). Plaintiff must do so by presenting additional evidence beyond the pleadings and by presenting more than a scintilla of evidence in support of her position. *Anderson,* 477 U.S. at 252.

Plaintiff has failed to meet her reciprocal burden on summary judgment. Technically, it appears that Defendant Union is correct that in her amended complaint, Plaintiff does not state any causes of action against it. Plaintiff mentions Defendant Union only in her fourth count of the amended complaint and explains in her fourth count that "Defendant Union is a necessary party of

4

interest and must be joined in Plaintiff's claims in order to obtain full and final relief in this matter."
ECF Dkt. #15, ¶ 35.  Even if this language was sufficient in which to find that Plaintiff's three
claims applied to Defendant Union as well as Defendant MRDD, Plaintiff presents no additional
evidence beyond the pleadings in order to establish her claims of violation of due process, breach
of contract or promissory estoppel against Defendant Union.  Rather, in both her amended complaint
and her response to Defendant MRDD and Defendant Union's motions for summary judgment,
Plaintiff primarily concentrates her efforts on opposing Defendant MRDD's motion for summary
judgment.  ECF Dkt. #42.  For these reasons, the Court GRANTS Defendant Union's motion for
summary judgment.  ECF Dkt. #40.

### 2. PLAINTIFF'S CAUSES OF ACTION

Even if the Court presumes that Plaintiff has shown that the claims in her amended complaint
apply to both Defendant MRDD and Defendant Union, the undersigned GRANTS Defendant
MRDD and Defendant Union's motions for summary judgment (ECF Dkt. #s 38, 40) and DENIES
Plaintiff's motion for summary judgment (ECF Dkt. #37) because Plaintiff cannot establish the
essential elements of any of her causes of action against either Defendant.  The Court addresses the
motions for summary judgment in the context of each cause of action in turn and as if Plaintiff
properly asserted all causes of action against both Defendant MRDD and Defendant Union.

### a. DUE PROCESS

Plaintiff alleges in her amended complaint that Defendants MRDD and Union violated her
due process rights by depriving her of accumulated seniority after she retired under a CBA which
contained an early retirement incentive program providing in relevant part that upon her retirement,
she would be reemployed and would "maintain all seniority as if there were no break in service."
ECF Dkt. #15, ¶ 8-11.  Plaintiff avers that Defendants deprived her of her accumulated seniority
without proper notice or an opportunity to be heard at a meaningful time and in a meaningful
manner.  *Id*. at ¶12.

In order for Plaintiff to succeed on her procedural due process claim brought pursuant to 42
U.S.C. § 1983, she must establish three essential elements: (1) she has a life, liberty, or property
interest protected by the Due Process Clause; (2) she was deprived of this protected interest; and (3)

the state did not afford her adequate procedural rights prior to the deprivation. *Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002). Even if harm has occurred, a plaintiff suffers no constitutional deprivation if "satisfactory state procedures are provided." *Jefferson v. Jefferson County Public Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Thus, a plaintiff must "first plead[] and prove[] the inadequacy of state or administrative processes and remedies to redress her due process violations" before she can bring a procedural due process claim pursuant to § 1983. *Id.* In reviewing procedural due process claims, the Court first determines whether a plaintiff has a property interest entitled to due process protection. *Singfield v. Akron Metro. Housing Auth.*, 389 F.3d 555, 565 (6th Cir. 2004). Once such an interest is established, the Court then must determine the

procedures that are required in order to protect that interest. *Id.*

Defendant MRDD first argues that Plaintiff cannot establish that she has a constitutionally protected property interest in her accumulated seniority. ECF Dkt. #38 at 16. Procedural due applies only to the deprivation of those liberty or property interests that are constitutionally protected. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). In *Roth,* the United States Supreme Court described a property interest in a benefit worthy of constitutional protection:

> In order to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined * * * [and that property interests] are created and their dimension are defined by existing rules of understanding that stem from an independent source such as state law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 576. The Supreme Court further held that:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577. Both the Supreme Court and the Sixth Circuit Court of Appeals have found that a contract such as a CBA may create a property interest protected by the Due Process Clause. *Id.* at

6

577-78; *Leary v. Deaschner*, 228 F.3d 729, 741-742 (6th Cir. 2000), citing *Johnston-Taylor v.*

*Gannon,* 907 F.2d 1577, 1581 (6th Cir.1990).

In the instant case, Section 12 of Article 9 of the September 1, 2001 CBA under which

Plaintiff retired outlines the early retirement incentive program and specifically states that:

> Section 12.    Retirement and Re-Employment
>
> If, during the life of this Agreement, an employee attains a minimum of thirty (30) years of eligible service verified by either the State Teachers Retirement System or the Public Employee Retirement System, and the employee indicates:
>
> 1.    A desire to retire; and
>
> 2.    A desire to continue employment after retirement within the parameters acceptable to PERS/STRS; and
>
> 3.    The employee will accept continued employment at Step 0 of the then effective salary schedule, then
>
> The Employer will allow the employee to retire, retain employment status at the then 0 step of the appropriate salary schedule, with no lapse in employment.  The employee agrees to abide by PERS/STRS rules and regulations regarding the period PERS/STRS requires the employee to pay (currently two months) into retirement before an annuity begins, and the Employer agrees to comply with PERS/STRS rules on this matter.
>
> Further, any employee opting for this retirement/re-employment understands and agrees that:
>
> 1.    Severance pay according to the then current agreement/policy sections will occur as if the employee actually retired, and
>
> 2.    All benefit accruals will begin anew at the beginning of the new employment period as if the employee were a "new hire".
>
> 3.    The employee will maintain all seniority as if there were no break in service.

ECF Dkt. #41, Attachment 1 at 15.

While it is questionable whether this provision of the 2001-2004 CBA, coupled with the May

1, 2002 letter from Superintendent Burkhardt accepting Plaintiff's early retirement under this CBA,

could have created a property interest protected by the Due Process Clause, the Court need not

answer this question because the CBA expired before Plaintiff lost her accumulated seniority and

a new CBA replaced it which did not contain the maintenance of accumulated seniority language.

The CBA under which Plaintiff retired specifically indicated that its effective date began September

1, 2001 and it expired on August 31, 2004 ("2001-2004 CBA").  ECF Dkt. #41, Attachment 1.

Plaintiff points to seniority lists dated February 1, 2005 and August 1, 2005 as evidence of her claims of due process violations for reduced seniority.  ECF Dkt. #37 at 4.  The CBA under which Plaintiff retired expired on August 31, 2004 and the new CBA became effective September 1, 2004 with an expiration date of August 31, 2007 ("2004-2007 CBA").  ECF Dkt. #41, Attachment 5.

Plaintiff contends that the 2004-2007 CBA does not apply to her retirement and accumulated seniority rights because she retired under the 2001-2004 CBA.  ECF Dkt. #42 at 9-10.  Plaintiff relies on *Ingersoll v. Brotherhood of Locomotive Engineers*, 307 F.2d 257, 259 (6th Cir. 1962) and Ohio state court cases in asserting that courts will protect seniority rights because they are in fact contract rights and a person's benefit is a property interest for due process purposes if rules or mutually explicit understandings exist which support a claim of entitlement to the benefit.  ECF Dkt. #42 at 8.  Plaintiff points to the CBA under which she retired and a May 1, 2002 letter from Superintendent Burkhardt accepting her retirement under that agreement in arguing that her accumulated seniority is a benefit entitled to protection under due process.  *Id.* at 9.

While the Sixth Circuit Court of Appeals in *Ingersoll* did hold that courts will protect seniority rights, the Court further held in that case that:

> Seniority rights are not vested rights.  They accrue by virtue of contract between the employer and the bargaining representative of the employees.  Aeronautical Indus. Dist., Lodge 727 v. Campbell, 337 U.S. 521, 526, 69 S.Ct. 1287, 93 L.Ed. 1513; Ford Motor Co. V. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048.  ***They can be changed or modified by a similar contract.***  (Emphasis added).

307 F.2d at 261.  In *Ash v. Board of Education of Woodhaven School District*, 699 F.2d 822, 827 (6th Cir. 1983), the Court found that the plaintiffs could not rely upon the language of a CBA in order to establish a protected property interest in wages for procedural due process purposes.  The Court found that because the CBA had expired eight months after the action against their interests had occurred, it was not considered a protected property interest for due process purposes.  The Court held:

> The plaintiffs also rely on the collective bargaining agreement (CBA), which refers to the wage figures in the teachers' employment contracts, as a source of their protected property interest. The plaintiffs do not, however, contest the district court's finding that the CBA expired on August 31, 1979, more than eight months before the Board adopted its amended school calendar. Since the CBA had expired, the plaintiffs cannot rely on it as a source of their protected interest.[FN3] *See Lake Michigan College Federation of Teachers v. Lake Michigan Community College,*

> 518 F.2d 1091, 1096 (6th Cir.1975), *cert. denied,* 427 U.S. 904, 96 S.Ct. 3189, 49
> L.Ed.2d 1197 (1976).

*Id.*

In this case, Plaintiff has not established that she has a protected property interest in her accumulated seniority because the 2001-2004 CBA under which she retired expired well before her seniority rights were impacted and a new CBA lacking the accumulated seniority maintenance language replaced the expired CBA.  Plaintiff cannot show that the accumulated seniority language of the 2001-2004 CBA continued to apply beyond its expiration date or that she was otherwise entitled to independently maintain her accumulated seniority. And the language of the 2001-2004 CBA itself leads the Court to conclude that the rights contained within that CBA expired with the CBA's expiration.  The CBA has a specific effective date of September 1, 2001 and a specific expiration date of August 2004.  Further, Section 12 itself begins with the language "If, during the life of this Agreement", which implies that the language of Section 12 applies only during the CBA's effective period, from September 1, 2001 through August 31, 2004.

For these reasons, the Court GRANTS summary judgment in favor of Defendants MRDD and Union (ECF Dkt. #s 38, 40) and DENIES Plaintiff's motion for summary judgment on her procedural due process claim (ECF Dkt. #37).

### b.    BREACH OF CONTRACT

Plaintiff also brings breach of contract claims against Defendants MRDD and Union.  ECF Dkt. #15 at ¶ 19-26.  She alleges that Defendants breached the 2001-2004 CBA when they altered its material terms of her contract which reduced her accumulated seniority.  *Id*. at ¶25.

The Court notes a letter attached to the affidavit of Superintendent Burkhardt from Plaintiff to Superintendent Burkhardt in which Plaintiff states that "the administration had nothing to do with" the decision to reduce her seniority. ECF Dkt. #41, Attachment 8. Defendant MRDD submits this letter as additional evidence showing that it did not breach a contract with Plaintiff as Plaintiff acknowledged that Defendant MRDD did not reduce her seniority.

9

Even accepting that the letter does not impact Plaintiff's breach of contract action, she cannot establish the essential elements of her cause of action against Defendants. In order to sustain a breach of contract action against Defendants, Plaintiff would have to show: 1) that a valid contract existed; 2) the plaintiff performed under that contract; 3) the defendant breached the contract; and 4) plaintiff suffered damage or loss. *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.*, 314 F.Supp.2d 763, 769 (N.D.Ohio 2004), citing *Samadder v. DMF of Ohio, Inc.,* 154 Ohio App.3d 770, 778, 798 N.E.2d 1141 (2003); *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (1994); *Thomas v. Publishers Clearing House, Inc.,* 29 Fed. Appx. 319, 322 (6th Cir.2002).

Defendant MRDD argues that no breach of contract occurred because the seniority provision of the CBA under which Plaintiff retired was collectively bargained and therefore could and did change with the negotiation and implementation of a new CBA. ECF Dkt. #38 at 12. Defendant concedes that Plaintiff's seniority was governed by the 2001-2004 CBA, but asserts that Defendant MRDD and Defendant Union were permitted to negotiate changes to Plaintiff's accumulated seniority rights when the 2001-2004 CBA expired and they negotiated a new CBA for all bargaining members, which included Plaintiff. *Id.* at 4. The new CBA did not include the accumulated seniority rights and therefore, Defendants posit, they breached no contract because the new CBA did not include the accumulated seniority right. In support, Defendant cites Ohio Revised Code § 4117.08(A), which governs collective bargaining agreements. That section states:

> All matters relating to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective bargaining between the public employer and the exclusive representative, except as otherwise specified in this section.

Ohio Rev. Code §4117.08(A).

Plaintiff counters that the 2001-2004 CBA under which she retired and was rehired locked in her employment conditions, including her accumulated seniority, and thus it could only be amended by a specific agreement between Plaintiff and Defendant MRDD. ECF Dkt. #42 at 11. Plaintiff cites to the integration clause of the 2001-2004 CBA which in relevant part stated that the provisions of the CBA constituted the entire agreement between the parties. *Id.*

10

Plaintiff has failed to show that she can establish the essential elements of her breach of contract claim against Defendants.  Plaintiff cannot show that Defendants breached the CBA by reducing her accumulated seniority because at the time of the reduction, the 2004-2007 CBA was in place and governed all of Defendant Union's bargaining members, including Plaintiff.  During the life of the 2001-2004 CBA, Plaintiff's accumulated seniority was not reduced.  The 2004-2007 CBA did not contain the accumulated seniority right and therefore, Defendants did not breach the contract by reducing Plaintiff's accumulated seniority during the effective period of the 2004-2007 CBA.  Plaintiff does not sufficiently establish that her accumulated seniority right vested.  Nor can she show that the accumulated seniority right which she acquired in the 2001-2004 CBA continued to exist beyond the expiration of that CBA and existed despite the lack of this provision in the applicable 2004-2007 CBA.  Plaintiff cannot show that she had some right to the accumulated seniority beyond that given her in the expired CBA or how that right survives and transcends the expiration of the CBA and the governance by a new CBA that lacks the provision.

In *Elder v. New York Central Railroad Company*, the Sixth Circuit Court of Appeals held that an employee's seniority rights arise out of contract or statute because an employee has no inherent or constitutional right to seniority.  152 F.2d 361, 364 (1945). The Court found that an individual employee's seniority rights that were part of a CBA were in fact "both created and limited by the bargain which was made for and was binding upon all employees." *Id.* (citations omitted). The Sixth Circuit further held that:

> the authorities are uniform to the effect that collective bargaining agreements do not create a permanent status, give an indefinite tenure, or extend rights created and arising under the contract beyond its life, when it has been terminated in accordance with its provisions.

*Id*., citing *System Federation No. 59 of Railway Employees Department of American Federation of Labor v. Louisiana & A.R. Co.*, 5 Cir., 119 F.2d 509, 515 (5th Cir. 1941).  In *Ingersoll*, the Sixth Circuit held that seniority rights are not vested rights as they exist by virtue of the contract entered into by the employer and the bargaining representative of the employees, and they can therefore be changed or modified by a similar contract.  307 F.2d at 261.

11

Applying *Elder* and *Ingersoll* to the instant case, the 2001-2004 CBA did not bestow permanent status to Plaintiff's right to accumulated seniority.  Nor did it extend her accumulated seniority rights beyond its expiration date as the 2001-2004 CBA properly expired according to its provisions.  When the new CBA was negotiated and implemented, Plaintiff's accumulated seniority rights were not continued as the language granting that benefit was not negotiated by the bargaining members' representative and was not included in the new CBA.  Plaintiff cites no legal basis for a continuing right to accumulated seniority after the expiration of the 2001-2004 CBA.  Nor does she provide support for a holding that the 2004-2007 CBA which eliminated the accumulated seniority right did not apply to her as a bargaining member. The employees' bargaining representative from Defendant Union negotiated the 2001-2004 CBA which outlined the early retirement/rehiring and the accumulated seniority clause, which was bargained on behalf of all of the bargaining unit members, including Plaintiff.  Accordingly, when the 2001-2004 CBA expired, each of the bargaining unit members were then subjected to the negotiated provision of the new CBA.  The new CBA did not contain the same accumulated seniority language as the old CBA and thus Plaintiff's right to accumulated seniority expired with the old CBA.

Plaintiff contends that if the parties had intended to remove the accumulated seniority language from the 2004-2007 CBA and give it retroactive effect so as to revoke her seniority, they could have easily stated this in the 2004-2007 CBA.  ECF Dkt. #42 at 12.  However, it is the converse of Plaintiff's argument that it correct.  Had the parties intended to vest the accumulated seniority or to continue the accumulated seniority rights of the 2001-2004 CBA in the 2004-2007 CBA, they would have specifically stated so in the 2004-2007 CBA, which was in effect at the time of Plaintiff's reduction in seniority.  This provision was specifically removed from the new CBA.  Moreover, if the parties agreed to make the accumulated seniority rights of the 2001-2004 CBA continuing beyond the CBA's expiration, they could have specifically done so.

For these reasons, the Court GRANTS Defendants' motion for summary judgment and DISMISSES WITH PREJUDICE Plaintiff's claim of breach of contract.

### c. PROMISSORY ESTOPPEL

In this claim, Plaintiff alleges that Defendants induced her into retiring early by making

12

representations and promises that if she accepted the early retirement incentive of the 2001-2004 CBA, she would be reemployed without a loss of accumulated seniority.  ECF Dkt. #1 at 4-05; ECF Dkt. #15.  Plaintiff contends that she reasonably and justifiably relied upon these promises and would not have retired early had those promises not been made.  ECF Dkt. #1 at 5.

Defendants move for summary judgment on this claim, arguing primarily that Plaintiff cannot satisfy the elements of promissory estoppel as a matter of law.  ECF Dkt. #45 at 6-7.  Plaintiff responds that she can satisfy the elements of promissory estoppel and she refers to Superintendent Burkhardt's May 1, 2002 letter notifying her in writing that she would retire and be rehired under the seniority provisions of the 2001-2004 CBA as one of the promises made upon which she justifiably relied.  *Id.*  She also briefly mentions that Ms. Michaels of Defendant Union assured her orally that the deletion of the seniority provision in the 2004-2007 CBA would not impact her accumulated seniority.  ECF Dkt. #42 at 14-15.  Plaintiff relies upon the Ninth Circuit Court of Appeals' opinion in *Hass v. Darigold Dairy Products Company*, 751 F.2d 1096 (9th Cir. 1985) and the Ohio Eighth District Court of Appeals' opinion *Aiken v. Euclid Crane Company*, No. 50099, 1985 WL 8419 (Nov. 4, 1985), unpublished, for support that she is entitled to maintain her promissory estoppel claim against Defendants because she received the same types of oral and written assurances as the plaintiffs in these cases and the courts in these cases applied promissory estoppel to find that the plaintiffs were entitled to accumulated seniority despite changes in CBAs relating to seniority.

The Court GRANTS Defendants' motion for summary judgment on Plaintiff's promissory estoppel claims.  According to Ohio law, in order for a plaintiff to recover under a promissory estoppel claim, she must prove the following elements in the employment context: (1) the employer made a clear, unambiguous promise, (2) the defendant reasonably should have expected the promise to induce action or forbearance by the employee, (3) that there was such action or forbearance, and (4) injustice can only be avoided by enforcement of the promise.  *Humphreys v. Bellaire Corp.,* 966 F.2d 1037, 1041 (6th Cir.1992), citing *Mers v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 154, 483 N.E.2d 150 (1985).

Here, the May 1, 2002 letter upon which Plaintiff relies in order to show a clear unambiguous promise does not establish a promise to accumulated seniority similar to that in *Aiken*. The letter that Plaintiff first wrote to Superintendent Burkhardt merely states that she is opting for early retirement and reemployment "as per contract language" of the 2001-2004 CBA that had been negotiated and signed, but not yet printed. ECF Dkt. #37, Exhibit 2. Plaintiff attached the signed provision of the CBA under which she opted to retire and be rehired to her letter. *Id*. The May 1, 2002 letter from

Superintendent Burkhardt merely confirms receipt of Plaintiff's letter and states that Plaintiff would be reemployed "within the parameters" of the 2001-2004 CBA that had been signed and dated at that time, but not yet printed. ECF Dkt. #37, Exhibit 3. Unlike *Aiken*, Superintendent Burkhardt's letter in this case contains no specific promises of continuing rights to accumulated seniority beyond that outlined in the 2001-2004 CBA. Further, Plaintiff fails to substantiate her allegation that Ms. Michaels orally assured her that the deletion of the accumulate seniority provision in the 2004-2007 CBA would not impact her accumulated seniority rights.

For these reasons, the Court GRANTS Defendants' motion for summary judgment and DISMISSES WITH PREJUDICE Plaintiff's claim of promissory estoppel.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants MRDD and Union's motions for summary judgment. ECF Dkt. #38, 40. Since the Court finds that Plaintiff is unable to establish the existence of elements essential to her claims of procedural due process, breach of contract and promissory estoppel, and the Court GRANTS summary judgment in favor of these Defendants and dismisses Plaintiff's claims against them with prejudice, the Court further DENIES Plaintiff's motion for summary judgment. ECF Dkt. #37.

Dated: January 19, 2007                          */s/George J. Limbert*
                                                 GEORGE J. LIMBERT
                                                 U.S. MAGISTRATE JUDGE

14